THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANGEL ALVARADO,

      Plaintiff,

v.

LATOYA HUGHES, JOHN BARWICK,
and A. HESS,

      Defendants.

Case No. 3:26-cv-00244-GCS

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

Plaintiff Angel Alvarado, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Alvarado alleges he was denied access to a handicap accessible bathroom in violation of the Eighth Amendment, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. and the Rehabilitation Act ("RA"), 29 U.S.C. §§ 794–94e.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen

---

[1]    The Court has jurisdiction to screen the Complaint due to Plaintiff's consent to the full jurisdiction of a Magistrate Judge (Doc. 6), and the limited consent to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between this Court, the Illinois Department of Corrections, and the medical providers.

prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## THE COMPLAINT

Alvarado is handicapped; he is paralyzed from the waist down and requires the use of a wheelchair. (Doc. 1, p. 3). On December 2, 2025, Alvarado was in the dayroom when he needed to use the restroom. *Id*. Although there is a restroom in the dayroom, it lacks grab bars that Alvarado needs to transfer himself from his wheelchair to the toilet. *Id*. at p. 3-4. Alvarado informed Officer Hess he needed to use the restroom and asked to return to his cell. *Id*. at p. 3. He informed Officer Hess as to why he was unable to use the dayroom restroom. *Id*. Hess refused his request. *Id*. at p. 4. Alvarado eventually soiled himself because he was unable to access a handicap accessible bathroom. *Id*.

Alvarado alleges the restroom in the dayroom is not handicap accessible because it lacks both grab bars, and it is not big enough for a wheelchair to fit inside. (Doc. 1, p. 4). He alleges the bathroom violates the ADA and the Rehabilitation Act. He further alleges that both Latoya Hughes and John Barwick are liable for failing to provide a handicap accessible bathroom in the dayroom. *Id*. at p. 4-5.

## DISCUSSION

Based on the allegations in the Complaint, the Court designates the following counts:

| Count 1: | Eighth Amendment deliberate indifference claim against Officer Hess for refusing to allow Alvarado access to his cell in order to use the restroom. |
| Count 2: | Eighth Amendment deliberate indifference claim against John Barwick and Latoya Hughes for failing to provide a handicap accessible bathroom in the dayroom at Pinckneyville. |
| Count 3: | ADA and/or RA claim against John Barwick and Latoya Hughes for failing to provide a handicap accessible bathroom in the dayroom at Pinckneyville. |

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

**Count 1**

In order to state a claim for unconstitutional conditions of confinement, a plaintiff must demonstrate that (1) he suffered a sufficiently serious deprivation, and (2) the defendants acted with deliberate indifference to his conditions of confinement. *See Sain v. Wood*, 512 F.3d 886, 894 (7th Cir. 2008). Here, Alvarado alleges he informed Officer Hess that the bathroom in the dayroom was not handicap accessible and that he needed access to his cell in order to use the facilities. Despite Officer Hess's knowledge of Alvarado's

---

[2]    *See, e.g.*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face.").

condition and his difficulties accessing the bathroom, she denied his request to return to his cell. As a result, Alvarado soiled himself. Thus, Count 1 shall proceed against Officer Hess.

**Count 2**

Alvarado also alleges that Warden John Barwick and Director Latoya Hughes should be liable under the Eighth Amendment for failing to place handicap grab bars in the dayroom bathroom. But there are no allegations to indicate either official was aware that the dayroom bathroom lacked grab bars, nor did Alvarado inform either official about his issues with the bathroom prior to this incident. He fails to allege that either official had knowledge of the conditions and that they acted with deliberate indifference. Thus, Count 2 is **DISMISSED without prejudice**.

**Count 3**

To state a claim of discrimination under the ADA, a plaintiff must show: (1) that he suffers from a disability as defined in the statute, (2) that he is qualified to participate in the program in question, and (3) that he was either excluded from participating in or denied the benefit of that program based on his disability. *See Lacy v. Cook County, Illinois*, 897 F.3d 847, 853 (7th Cir. 2018). The RA likewise prohibits discrimination against qualified individuals based on a physical or mental disability. *See* 29 U.S.C. §§ 794-94e. The analysis under the ADA and RA is the same, "except that the [RA] includes as an additional element the receipt of federal funds, which all states accept for their prisons." *Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 671 (7th Cir. 2012). Here, Alvarado adequately alleges the dayroom lacked handicap accessible bathrooms making

it impossible for him to use the bathroom while in the dayroom. Thus, he adequately states a claim under both the ADA and/or RA. The claim cannot proceed against the individual defendants, however, because individual employees of IDOC cannot be sued under the ADA and RA. *See Jaros*, 684 F.3d at 670. The proper defendant is the relevant state department or agency. *See* 42 U.S.C. § 12131(1)(b). *See also Jaros*, 684 F.3d at 670, n.2 (noting that individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity)). As such, Latoya Hughes will remain in the case in her official capacity only. The individual capacity claims against Latoya Hughes and John Barwick are **DISMISSED without prejudice**.

### DISPOSITION

For the reasons stated above, Count 1 shall proceed against Officer Hess. Count 3 shall proceed against Latoya Hughes (official capacity only). All other claims and defendants are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Officer Hess and Latoya Hughes (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Alvarado. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Alvarado, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Alvarado, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Alvarado is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

**IT IS SO ORDERED.**

**DATED:  May 19, 2026.**

Digitally signed by
Judge Sison
Date: 2026.05.19
14:15:26 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**